IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| In re: | : | MDL Docket No. 4:03CV1507-WRW |
|---|---|---|
| | : | 4:04CV00761-WRW |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : | |
| CAROLYN MICHAEL, *et al.* | : | PLAINTIFFS |
| v. | : | |
| WYETH, INC., *et al.* | : | DEFENDANTS |

### ORDER

Pending is Defendants' Motion to Sever PPO-9 Plaintiffs Before Remand (Doc. No. 27). Plaintiffs have responded.[1] After reviewing this case, I believe that the Complaint violates my numerous orders on multi-plaintiff complaints, as well as the Federal Rules of Civil Procedure. Accordingly, Defendants' Motion is GRANTED.

Under Rule 21 of the Federal Rules of Civil Procedure, Plaintiff Tova Heymann[2] is DROPPED from this civil action as follows:

(1) Plaintiff Heymann has 30 days from the date of this Order to file a new, individual complaint in a proper venue. The complaint should be served in accordance with the Rules of Civil Procedure.

(2) It seems to me that it would be meet and proper if counsel for the respective parties would meet and confer[3] regarding the court in which this case might be refiled. This observation is, of course, hortatory vice mandatory.

---

[1] Doc. No. 30.

[2] Plaintiff Carolyn Michael will remain in the original lawsuit.

[3] By telephone, if not in the flesh.

(3) If Plaintiff Heymann does not file new civil actions within the 30 day period, her case will be considered dismissed without prejudice without further order of the Court.

(4) Plaintiff Heymann is deemed to have ongoing MDL No. 1507 actions in this Court for all purposes for 30 days after the date of this Order or until the filing of her new complaint in the appropriate venue -- whichever is first.

(5) For the application of statutes of limitations, laches, or other time-bar laws, the filing date of a newly filed action based on this Order will be deemed to relate back to the date that Plaintiff Heymann originally filed her complaint -- insofar as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint, or the successors of such original defendants.

(6) Counsel are reminded of their obligations under MDL Panel Rule 7.5(e) and directed to promptly notify the MDL Panel of the new case number designated to the case in the receiving district.

(7) The Clerk of the Court is directed to send a contemporaneous copy of this order to the MDL panel to allow, to the extent possible, fast-tracking of the § 1407 transfer of Plaintiff Heymann's case back to MDL-1507 for coordinated and consolidated pretrial proceedings.

IT IS SO ORDERED this 21st day of January, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE